UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA ADGER,
    Plaintiff,
-vs.-

BULL CITY FINANCIAL
SOLUTIONS, INC.,
a North Carolina corporation,
    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, LATONYA ADGER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in City of Roseville, Macomb County, Michigan.

5. The Defendant to this lawsuit is Bull City Financial Solutions, Inc., which is a North Carolina corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt in the amount of $317.00 allegedly owed by Plaintiff to Duke Energy ("the Alleged Debt").

7. On September 25, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the Alleged Debt.

8. On or about October 9, 2019, Plaintiff submitted a letter to Defendant disputing the Alleged Debt.

9. On November 13, 2019, a prospective lender, Comcast-Plymouth obtained Plaintiff's Equifax credit file.

10. On December 6, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures which showed Defendant failed or refused to flag the Alleged Debt as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Experian, Equifax and Trans Union to flag its trade line as Disputed.

13. Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

20. As direct and proximate cause of the Defendant's failure flag its tradeline as disputed, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this debt violated MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                                     Respectfully submitted.

February 28, 2020        /s/ Gary Nitzkin
                                    GARY D. NITZKIN (P41155)
                                    CARL SCHWARTZ (P70335)
                                    CREDIT REPAIR LAWYERS OF AMERICA
                                    Attorneys for Plaintiff
                                    22142 West Nine Mile Road
                                    Southfield, MI 48033
                                    (248) 353-2882
                                    Fax (248) 353-4840
                                    Email – gary@crlam.com